IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RASHID JAMIL ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-478-MN |
| | ) | |
| TERRA TAYLOR, BRUCE BURTON, | ) | |
| AARON JELLIFFE, DENNIS RUSSELL, | ) | |
| and THE DELAWARE DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Rashid Jamil Roy ("Plaintiff"), an inmate at the James T. Vaughn Correctional
Center in Smyrna, Delaware, filed this action on April 15, 2024, alleging violations of his
constitutional rights pursuant to 42 U.S.C. § 1983 and the Religious Land Use and
Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. (D.I. 3) He appears *pro
se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The court proceeds to
review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). The court
recommends the claims against the Delaware Department of Corrections ("DDOC") be
DISMISSED WITH PREJUDICE. The court further recommends that the claims against Terra
Taylor, Bruce Burton, Aaron Jelliffe, and Dennis Russell be DISMISSED WITHOUT
PREJUDICE.

## I.    BACKGROUND

According to the complaint, on August 22, 2022, Plaintiff and other inmates were
informed by Sergeant Ricky Brown and Sergeant Dennis Russell that they were not permitted to
engage in group prayer. Nonetheless, ten inmates were observed engaging in group prayer on

August 23, 2022 by Staff Sergeant Aaron Jelliffe. Five of the inmates participating in the group

prayer, including Plaintiff, were written up for Demonstration and Failure to Obey under the

inmate housing rules, and they were moved to another building.

On August 28, 2022, a hearing officer conducted a hearing and concluded that the five

inmates, including Plaintiff, were guilty of Failure to Obey. Sergeant Ricky Brown allegedly

informed the hearing officer that he never warned Plaintiff not to pray. After the hearing, four of

the five inmates were returned to their building.

The complaint alleges that Plaintiff filed a grievance against Captain Bruce Burton and

Sergeant Dennis Russell on August 19, 2023, before Plaintiff was written up for engaging in

group prayer. The inference, not specifically stated in the complaint, is that Plaintiff was

retaliated against for submitting a grievance against the Defendant officers. The grievance was

returned unprocessed on August 25, 2023.

Plaintiff seeks compensatory and punitive damages, as well as a declaration that his rights

under the First and Fourteenth Amendments were violated.

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28

U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner

seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

respect to prison conditions). The court must accept all factual allegations in a complaint as true

and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation

3

of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d

Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A

complaint may not be dismissed for imperfect statements of the legal theory supporting the claim

asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the

sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions,

are not entitled to the assumption of truth; and (3) when there are well-pleaded factual

allegations, assume their veracity and determine whether they plausibly give rise to an

entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see

also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible

will be a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.*

## III.    DISCUSSION

### A.    Eleventh Amendment

The Delaware Department of Corrections ("DDOC") is immune from suit. *See

Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also* 11 *Del. C.* § 6501

*et seq.*; *Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017).

Additionally, the DDOC is not a person for purposes of 42 U.S.C. § 1983. *See Will v. Mich.

Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47, 50 (3d Cir.

2008). Consequently, I recommend that the court dismiss Plaintiff's claims against the DDOC

with prejudice.

4

### B. Respondeat Superior / Personal Involvement

The complaint does not allege personal involvement by defendants Terra Taylor, Bruce Burton, or Aaron Jelliffe. Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). To the extent Plaintiff names Taylor and Burton based on their supervisory positions, there is no *respondeat superior* liability under Section 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved[.]" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Even when liberally construing the complaint, there are no allegations of personal involvement, personal direction, or actual knowledge and acquiescence of an alleged constitutional violation by Taylor and Burton. Referring to another civil action in this court, the complaint alleges that "Terra Taylor and her employees should've known of the settlement which allowed prisoners here at J.T.V.C.C. to pray in the yard at the time." (D.I. 1 at 6; *see also* C.A. No. 10-88-CFC, D.I. 154-1) But Taylor's alleged awareness of the settlement agreement is not enough to plausibly assert Taylor's personal direction or acquiescence because the complaint contains no averments establishing Taylor knew about the events on August 22 and 23, 2023.[1]

_____

[1] The court may consider the settlement agreement, which is a matter of public record incorporated by reference in Plaintiff's complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The settlement agreement referenced by the complaint describes the prison yard policy as follows:

The complaint also alleges that Plaintiff filed a grievance against Burton on August 19, 2023, days before the incident in question.  There are no allegations indicating that Burton had any involvement in or awareness of the events that occurred on August 22 and 23, 2023.  *See Evancho*, 423 F.3d at 353-54.

The complaint also contains no allegations of personal involvement by Aaron Jelliffe, alleging only that he "observed" the inmates "actively involved in a group prayer."  (*Id.* at 5)  The complaint does not indicate that Jelliffe disrupted the group prayer, issued write ups to the participating inmates, or moved those inmates to another building.

### C.   Exhaustion

The complaint indicates that a grievance was filed on August 19, 2023, and the grievance process is now complete.  But the allegedly unconstitutional conduct forming the basis of Plaintiff's claims did not occur until August 22 and 23, 2023.  There is no basis in the complaint to infer that Plaintiff's grievance related to conduct that did not occur until days later.  At best, it is unclear from the pleaded averments whether the requirements of the Prison Litigation Reform Act of 1996 ("PLRA") have been met.  *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.").  This provides an independent basis for dismissal without prejudice.  *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019).

---

Inmates' religious activities in the yard will be treated on equal terms as non-religious activities.  Correctional officers are authorized to stop, cease, or otherwise prevent inmates from religious activities in the yard for any of the same reasons they can stop, cease, or otherwise prevent any other activities.

*Cole v. Danberg*, C.A. No. 10-88-CFC, D.I. 154-1 at 3 (D. Del. Mar. 22, 2022).

### D.  Failure to State a Claim

#### 1.  Fourteenth Amendment

Plaintiff alleges violations of the Fourteenth Amendment in a conclusory manner without factual support.  I recommend that the court dismiss Plaintiff's claim under the Fourteenth Amendment because the complaint does not plead facts sufficient to show that the claim has substantive plausibility.

#### 2.  RLUIPA

The complaint also fails to plausibly allege First Amendment free exercise and RLUIPA claims.  Under RLUIPA, a plaintiff must plead facts indicating that his own sincerely held religious beliefs were infringed.  *Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015).  RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution."  42 U.S.C. § 2000cc-1.  Similarly, a plaintiff alleging a cause of action for a violation of the First Amendment must plead that he has a sincerely held religious belief, and the challenged prison practice or policy is not reasonably related to penological interests.  *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000).  The instant complaint does not identify Plaintiff's religion or the scope of his religious practices, and the disruption of the group prayer meeting on one occasion does not plausibly amount to a "substantial burden" on Plaintiff's exercise of his religion.  *Washington v. Klem*, 497 F.3d 272, 278 (3d Cir. 2007).  Therefore, I recommend that the court dismiss without prejudice Plaintiff's First Amendment and RLUIPA claims.

#### 3.  Retaliation

The complaint does not expressly refer to retaliation.  Construing the complaint liberally, however, Plaintiff appears to suggest Defendants' demand that Plaintiff stop praying was made

7

in retaliation against Plaintiff for filing a grievance on August 19, 2023. (D.I. 3 at 6) "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To state a claim for retaliation, Plaintiff must allege that: (1) he engaged in a protected activity; (2) he was subjected to adverse action by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citations omitted).

The allegations in Plaintiff's complaint do not suffice to state a claim. Plaintiff does not describe how his grievance contributed to a decision by any Defendant to take adverse action against him. To the extent Plaintiff raises a retaliation claim, it is deficiently pled and should be dismissed without prejudice for failure to state a claim upon which relief can be granted. *See Biggins v. Phelps*, C.A. No. 19-1084-MN, 2019 WL 5457427, at *6 (D. Del. Oct. 24, 2019).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.      The Report and Recommendation issued on April 4, 2025 is **ADOPTED**.

2.      Plaintiff's claim against the DDOC is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

3.      Plaintiff's claims against Taylor, Burton, Jelliffe, and Russell for violations of 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

8

4.    Plaintiff is granted leave until on or before _____, 2025 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation.  The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 4, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE